# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEVERICK SCOTT, | * | |
| ADC #131042, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 2:12CV00245-SWW-JJV |
| | * | |
| RAY HOBBS, Director, Arkansas | * | |
| Department of Correction; *et al.*, | * | |
| | | |
| Defendants. | | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.    INTRODUCTION**

Before the Court is Defendants's Motions to Dismiss. (Doc. Nos. 11, 16.) Plaintiff has responded (Doc. No. 13) so the matter is ripe for a decision.

Plaintiff Deverick Scott is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants, alleging due process violations in connection with a disciplinary charge and conviction which occurred in August 2011. Specifically, Plaintiff challenges the facts supporting the disciplinary charge issued by Defendant Holloway and claims Defendant Ester improperly convicted him of the disciplinary after denying him evidence in his defense. (Doc. No. 2, pp. 3-5.) Plaintiff also claims Defendant Ester failed to provide him with a meaningful explanation of his guilt, and Defendants May, Naylor, and Burl further violated his constitutional rights by affirming his

conviction on appeal. (*Id*., pp. 5-6.) As a result of his conviction, Plaintiff was sentenced to thirty days in punitive isolation and claims he suffered due to a loss of mat, telephone, visitation, commissary, and religious participation privileges. (*Id*., p. 6.) Plaintiff asks for monetary and injunctive relief from Defendants.

## II.    MOTION TO DISMISS

FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*,[1] the Supreme Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level."[2]  A complaint must contain enough facts to state a claim to relief that is plausible on its face.[3]

Defendants state Plaintiff's due process claims against them should be dismissed because he cannot show that they deprived him of a constitutionally-protected liberty or property interest. Citing *Sandin v. Conner*, they state that Plaintiff's placement in punitive isolation for thirty days with limited privileges did not constitute an "atypical and significant hardship" entitling him to due process. 515 U.S. 472, 484 (1995).  *See also Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (where the court held that an inmate did not have a liberty interest in a disciplinary confinement of thirty days.)  According to the Disciplinary Hearing Action form attached to

---

[1]550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted).

[2]*Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).

[3]*Twombly*, 550 U.S. at 570.  *See also Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

3

Plaintiff's Complaint, they note that the disciplinary hearing officer relied on the report of Defendant Holloway, plus information from two other officers who supported the disciplinary, together with Plaintiff's statements. (Doc. No. 2, pp. 13-17.) As a result, Plaintiff was found guilty of five charges, sentenced to thirty days in punitive isolation, and reduced to a class IV. (*Id*. at p. 13.) Defendants also state that Plaintiff did not lose good time and did not incur additional restrictions, noting Plaintiff already was classified as a class IV before the incident occurred. (*Id.*, p. 11.)

In response, Plaintiff states Defendants' refusal to review the videotape from the date of the incident as his requested witness denied him due process. He argues about the facts supporting his charge and conviction, and cites *Phelps v. Tucker*, where the court held that the refusal of a prison official to permit a videotape at a disciplinary hearing violated the inmate's due process rights. 370 F.Supp.2d 792 (N.D.Ind. 2008). Plaintiff also states Defendants violated due process by failing to provide a meaningful explanation of the finding of guilt, especially since they merely adopted the report of staff members. Finally, he states his conviction is not supported by the evidence, and that by affirming his conviction on appeal, Defendants Burl, Naylor and Hobbs also committed due process violations.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S.CONST. AMEND. XIV, § 1. Although protected liberty interests may arise from the due process clause or from state law, the "Due Process Clause does not protect prisoners from every adverse change in their confinement and does not, itself, create a protected liberty interest in any particular prisoner classification." *Cole v. Norris*, No. 2:08CV00056-WRW, 2008 WL 4949283 *3 (E.D.Ark. 2008), citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Protected liberty interests arise only if an inmate shows he suffered an "atypical

4

and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. And administrative and disciplinary segregation are not considered such hardships to create a liberty interest under *Sandin*. *See Portley-El v. Brill,* 288 F.3d at 1065-66; *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (where the court held that ten days' confinement to administrative segregation and assignment to a more restrictive facility did not create a liberty interest).

In this case, Plaintiff was sentenced to thirty days in punitive isolation and reduced in class (although he already was a class IV). In addition, although he also alleges certain privilege restrictions during that time period, such do not create an atypical and significant hardship. *See Kennedy v. Blankenship*, 100 F.3d 640, 642-3 (8th Cir. 1996) (where the court held that a thirty-day sentence to punitive isolation with a loss of telephone, visitation and commissary privileges was not a "dramatic departure from the basic conditions of confinement," quoting *Sandin,* 515 U.S. at 485.)

Therefore, Plaintiff's present claim, that he was denied a requested witness in the form of a videotape, does not support a finding of a due process violation, because he does not identify a protected liberty interest. In addition, the Court distinguishes the case relied upon by Plaintiff, *Phelps v. Tucker*, as that case concerned an inmate who lost good time and whose duration of confinement was extended by the disciplinary conviction. In this case, Plaintiff did not lose good time, and the courts have held that an inmate does not have a liberty interest in maintaining a particular classification level, or from being placed in punitive isolation for a relatively short time. *Moody v. Daggett*, 429 U.S. at 88 n. 9; *Sandin*, 515 U.S. at 482-86. The Arkansas Supreme Court has found no liberty interest in the accumulation or loss of good time credits under Arkansas law, because such does not ultimately affect the length of a sentence. *McKinnon v. Norris*, 366 Ark. 404, 407-8, 231 S.W.3d 725, 729-30 (2006); *Koontz v. Norris*, No. 08-75, 2008 WL 2310973 (Ark.

2008). The Arkansas good time statute provides that "good time will not be applied to reduce the length of a sentence." ARK. CODE ANN. § 12-29-201(d). *See also Koontz v. Hobbs*, 5:09CV00274-JLH-BD, 2010 WL 2609550 (E.D.Ark).

Finally, with respect to Plaintiff's claim that Defendants' reliance on an officer's report is insufficient to support his conviction, due process requires that the record contain "some evidence" to support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary decision, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).

### III.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendants' Motions to Dismiss (Doc. Nos. 11, 16) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2     This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[4]

3.     The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 1st day of April, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.